UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLYE, TRACY L.; C-06-0679 MHP<br>RUSCSAK, JENNIFER R.; C-06-1305 MHP<br>REARDON, JAMES R.; C-06-1329 MHP<br>PATTON, JOSEPH D.; C-06-1526 MHP<br>REYNOLDS, VICKY; C-06-1529 MHP<br>EADES, LURAE; C-06-1555 MHP<br>GINYARD, VALARIE; C-06-1526 MHP<br>WILLIAMS, OGGIEY Y.; c-06-1855 MHP,<br><br>    Plaintiffs,<br><br>  vs.<br><br>ASTRAZENECA PHARMACEUTICALS,<br>L.P., et al.<br><br>    Defendants | Honorable Marilyn Hall Patel<br><br>**ORDER DENYING<br>OMNIBUS MOTION TO<br>DISMISS** |

Plaintiffs have filed a motion in the above cases to dismiss either the entire action or the Astrazeneca defendants without prejudice. They characterize the motion as an omnibus motion for "administrative relief" and request dismissal without prejudice. The above actions have either been transferred by the Judicial Panel on Multidistrict Litigation ("MDL") or are pending transfer, notice having been given to the Panel that they are potential tag-along actions.

There are several problems with plaintiffs' attempts to dismiss their actions without prejudice. First of all, Federal Rule of Civil Procedure 41(a)(2) governs since answers have been filed in all of these cases. Answers were filed in all of these cases at least by July 10, 2006 except

1

1 one that was filed on July 11, 2006. Plaintiffs filed their "omnibus motion" on July 12, 2006. They
2 did not notice the motion as required by Rule 41(a)(2), which by the implication of its wording
3 indicates that a motion must be made. If plaintiffs were seeking to dismiss with prejudice, the court
4 might look at the effort differently. However, given all of the circumstances surrounding this effort,
5 it appears to be nothing more than forum shopping.

6      Secondly, two of these cases, C-06-0679MHP and C-06-1555MHP, have been transferred by
7 the MDL Panel by order dated July 6, 2006. As to those cases, they are now under the jurisdiction
8 of the transferee court. This court no longer has jurisdiction.

9      Thirdly, the remaining cases are the subject of a tag-along notice submitted to the MDL
10 Panel by defendant on July 11, 2006. Having reviewed these cases and the MDL Panel's order with
11 respect to the originally consolidated and transferred actions, it is clear that the cases at bar would
12 also be transferred.

13      Finally, it is clear that this maneuvering is blatant forum shopping. The court declines to
14 approve this conduct or grant the motion. If plaintiffs wish to dismiss their actions, they can bring a
15 properly noticed motion before the transferee judge as to the cases already transferred and upon the
16 order of transfer in the cases awaiting transfer. If for any reason the MDL Panel does not transfer
17 one or more of the latter cases, plaintiffs can bring a noticed motion to dismiss before this court.

18      For the foregoing reasons, the "omnibus motion" to dismiss is DENIED as to all of the
19 above-named cases.

20      IT IS SO ORDERED.

21

22 Date: July 25, 2006

MARILYN HALL PATEL
District Judge
United States District Court
23      Northern District of California

2

**ENDNOTES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28